**UNITED STATES DISTRICT COURT**
**DISRICT OF RHODE ISLAND**
**COURT FILE NO.______________________**

| | |
|---|---|
| Jason Beaumier<br><br>Plaintiff,<br><br>v.<br><br>Oxford Management Services<br><br>Defendant | CA 07 287S<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICE ACT, INTENSIONAL INFLICTION OF EMTIONAL DISTRESS and DEMAND FOR JURY TRIAL AND INJUNCTIVE RELIEF.

COME NOW, the PLAINTIFF, JASON BEAUMER, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief against Defendant, Oxford Management Services, from engaging in further violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.). An actual controversy exists in that the challenged actions of the Defendant has caused and will continue to cause the PLAINTIFF substantial harm unless the relief is granted.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d). Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and events occurred here, Plaintiff resides here, and Defendant transacts business here.

4. All matters at hand in this case are within the statue of limitations as defined by 15 U.S.C. § 1692k(d).

5. This is an action brought by a consumer for violations of the above named Act in connection with defendant's negligent collection tactics in attempting to collect a purported debt. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

## PARTIES

6. Plaintiff Jason Beaumier is a natural person who resides in the city of East Greenwich, County of Kent, State of Rhode Island, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3)

7. Defendant Oxford Management Services (hereafter Oxford) is a business that uses instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another. They operate from an address of 135 Maxess Road., Melville, New York 11747, and is considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Sometime during the summer of 2004, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), and subject to the FDCPA, namely an alleged purchase of a computer and software from Dell.

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

***TELEPHONE COMMUNICATIONS***

10. Beginning in September 2006 Oxford began calling Plaintiff's residence via an autodial message. This is classified as "a communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Said communications in paragraph 10 were vague in nature; failing to specify the party that was calling and/or who they were looking for, only that the communication was "regarding a personal business matter" and that it was "important to return the call today".

12. These communications were of the autodial nature and Defendant had no way of knowing if, in fact, communication was being made to the appropriate party.

13. Due, to the lack of information provided (party sought, party calling,) in the messages the Defendant failed to provide "meaningful disclosure" of caller's (their) identity.

14. These communications as referenced in paragraphs 10-13 continued for 2-3 weeks before they finally began to specify the party they were looking for and whom they were.

15. None of the Defendant's telephone communications informed Plaintiff that they were a debt collector and any information would be obtained for that purpose.

16. During this time period Plaintiff never received written notification of the alleged debt.

17. Because of the lack of written notification Plaintiff was unable to exercise his rights and request a validation of debt.

18. Plaintiff immediately filed complaints with the Attorney General of New York and the Better Business Bureau of New York.

19. Defendant failed to respond to the Attorney General complaint

***VALIDATION OF DEBT***

20. Mr. Salvatore Spinelli, a lawyer representing Oxford, responded to the Better Business Bureau complaint on 10-23-07 by stating plaintiff would be sent a 'validation of debt'.

21. Plaintiff received a document from Mr. Spinelli view mail on 10-25-07.

22. The 'validation' that was provided by Mr. Spinelli fell well short of the standards set forth in 15 U.S.C. § 1692g(a), as parts (3), and (5) were not provided in the document; and the document itself was questionable.

23. Assuming more documents would be forthcoming, plaintiff did nothing further at the time.

***CEASE COMMUNICATION***

24. After a period of inactivity, Oxford again began calling plaintiff's residence in mid-December 2006 to try to collect the same alleged debt.

25. At this time, plaintiff exercised his rights under 15 U.S.C. § 1692c by asking for "cease communication".

26. Plaintiff exercised his rights as stated in paragraph 25 via an email that was sent on 12-20-06 that was successful delivered, and a certified letter that was sent on 12-20-06 which was received on 12-22-06.

27. Defendant violated this order by contacting Plaintiff again view mail on 4-30-07.

28. The communication referenced in paragraph 27 was again an attempt to collect the same alleged debt.

29. Because of this communication and Plaintiff's actions as out lined in paragraph 25, Defendant was in violation of 15 U.S.C. § 1692c(1-3).

30. Defendant states in the letter dated 4-30-07 referenced in paragraph 27 that the alleged account has been reported to a credit bureau.

31. The statement made by Defendant in paragraph 30 is in violation of 15 U.S.C. § 1692e(10), since no such action had taken place.

32. Plaintiff has suffered actual damages as the result of the Defendant's harassment and willful non-compliance in the form of anger, anxiety, emotional distress, amongst other negative emotions, as well as suffering from unjustified invasions of personal privacy at Plaintiff's home.

33. The series of actions by Defendant amount to six (6) violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d(6), 15 U.S.C. § 1692g(a), 15 U.S.C. § 1692g(b), 15 U.S.C. § 1692c, 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692e(10)

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US cont. amend. 7. Fed R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

36. The defendant, Oxford Management Services, is a debt collector, as defined by 15 U.S.C. § 1692A(6).

37. The defendant violated the FDCPA by:

38. Violation of § 1692d(6) as initial calls to Plaintiff's residence failed to provide "meaningful disclosure" to Defendant's identity.

39. Violation of § 1692g(a)(3)(5) as Defendant's "validation" failed to include of all the required items as set forth in validation.

40. Violation of § 1692g(b) since Plaintiff never had the opportunity to initially validate the debt upon first contact.

41. Violation of § 1692e(11) since Plaintiff never was advised during any of Defendant's phone communications that they were a debt collector and any information would be used for that purpose.

42. Violation of § 1692(c) since Defendant willfully and knowingly ignored Plaintiff's "cease communication order" by trying to collect the same alleged debt.

43. Violation of § 1692e(10) for using deceptive means to try and collect a debt by fraudulently stating the account was reported to the credit bureaus

44. The foregoing acts by the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

**COUNT II**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

46. Defendant's actions were intended to harass, confuse, belittle, and intimidate the Plaintiff by willfully ignoring the FDCPA.

47. Defendant clearly tried to take advantage of a consumer's assumed ignorance towards the law and therefore acted with unconscionable, malicious intent.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

(A) For preliminary and permanent injunctive relief, against Defendant from engaging in future violations of the Fair Debt collection Practices Act

(B) For preliminary and permanent injunctive relief, against Defendant from:

1. Selling, transferring, reporting, and/or assigning the account to any other collection agency, debt collector, reseller.
2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

(C) For statuary damages in the amount of $1,000.00 pursuant to 15 U.S.C § 1692a(2)(a) against Oxford for violations of the Fair Debt Collections Practices Act.

(D) For actual damages in the amount of $1,500.00 pursuant to 15 U.S.C. § 1692k(a)(1) against Oxford.

(E) For an award for costs of litigation pursuant to 15 U.S.C. § 1692k(a)(3) against Oxford

(F) For any other such relief deemed proper against Oxford.

Dated: August 2, 2007

Respectfully submitted,
**Jason Beaumier**

Jason Beaumier

Jason Beaumier
20 Woodland Road
East Greenwich, Rhode Island 02818
Telephone: (401) 885-2666

Plaintiff