UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BEAUMIER | : | |
| | : | |
| V. | : | C.A. No. 07-287/S |
| | : | |
| OXFORD MANAGEMENT SERVICES | : | JURY TRIAL CLAIMED |

# ANSWER

Pursuant to Fed. R. Civ. P. Rule 8, Defendant hereby responds to Plaintiff's Complaint.

## JURISDICTION AND VENUE

1. Defendant neither admits nor denies the allegations set forth in this paragraph because they constitute legal conclusions.

2. Defendant neither admits nor denies the allegations set forth in this paragraph because they constitute legal conclusions.

3. Defendant neither admits nor denies the allegations set forth in this paragraph because they constitute legal conclusions.

4. Defendant neither admits nor denies the allegations set forth in this paragraph because they constitute legal conclusions.

5. Defendant admits that Plaintiff has filed this lawsuit alleging violations of the Fair Debt Collection Practice Act. Defendant denies that it was negligent in its collection efforts. Defendant neither admits nor denies the remaining allegations set forth in this paragraph.

## PARTIES

6. Defendant neither admits nor denies the allegations set forth in this paragraph and leaves the Plaintiff to his burden of proof.

7. Admitted.

## FACTUAL ALLEGATIONS

8. Defendant admits that Plaintiff purchased a computer and software from Dell in the summer of 2004 and did not pay for these products in full. Defendant neither admits nor denies the remaining allegations set forth in this paragraph because they are legal conclusions.

9. Admitted.

## TELEPHONE COMMUNICATIONS

10. Defendant admits the allegations set forth in the first sentence of this paragraph. Defendant neither admits nor denies the allegations set forth in the second sentence because they are legal conclusion.

11. Denied.

12. Denied.

13. Denies.

14. Denied.

15. Defendant admits that it did not contact Plaintiff, therefore, Defendant had no opportunity to disclose it was a debt collector and that any information would be obtained for that purpose. Defendant denies the remaining allegations in this paragraph and denies any wrongdoing or liability.

16. Denied.

17. Denied.

18. Defendant admits that on September 15, 2006, it received a copy of a complaint Plaintiff filed with the Better Business Bureau. Defendant neither admits nor denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

19. Defendant admits that it never received a copy of a Complaint allegedly filed by Plaintiff with the New York Attorney General, so it could not have possibly filed a response to something it never received.

VALIDATION OF DEBT

20. Admitted.

21. Defendant neither admits nor denies the allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

22. Denied.

23. Defendant neither admits nor denies the allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

CEASE COMMUNICATION

24. Defendant admits that it received a validation of Plaintiff's debt from the original creditor on October 17, 2006. Defendant also admits that it mailed a validation of the debt to the Better Business Bureau in response to Plaintiff's prior Complaint. After receiving no response from the Plaintiff, Defendant presumed that the debt was valid and the account was reactivated for collection in December 2006.

25. Defendant admits that it received a Cease and Desist notification from Plaintiff on December 21, 2006.

26. Admitted.

27. Denied.

28. Defendant admits that the original creditor placed Plaintiff's debt with the Defendant for collection on July 24, 2006, as a secondary collection placement. Defendant also admits that the original creditor placed Plaintiff's debt with Defendant for collections on April 26, 2007, as a tertiary collection placement. Defendant also admits that it sent Plaintiff a debt validation letter on April 30, 2007, and that Plaintiff responded by sending a validation request letter dated May 7, 2007.

29. Denied.

30. Defendant admits that it does not report to credit bureaus on behalf of original creditors, and that original creditors typically report debts to credit bureaus themselves.

Defendant neither admits nor denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

31. Denied.

32. Denied.

33. Denied.

34. Defendant admits that Plaintiff has requested a jury trial.

COUNT I

VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

15 U.S.C. §§ 1692 ET SEQ.

35. Defendant incorporates its responses to paragraphs 1-34 above.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

COUNT II

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Defendant incorporates its responses to paragraphs 1-44 above.

46. Denied.

47. Denied.

AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant had a permissible purpose under FCRA.

3. Any award of statutory damages would violate, *inter alia*, the Fourteenth Amendment to the United States Constitution.

4. Defendant does not presently possess all the facts covering Plaintiff's conduct sufficient to state all defenses at this time. Defendant will seek leave to amend this Answer if it discovers facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendant request that Plaintiff's Complaint be dismissed with prejudice, that Defendant be awarded its reasonable costs of suit incurred herein, that Defendant be awarded its attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b), and for such other further relief that this Court deems just and proper.

**DEFENDANT CLAIMS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Defendant,
Oxford Management Services,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com

Dated: October 1, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document was filed electronically via the Electronic Filing System and that a copy of the within document was mailed via first class mail, postage prepaid to Jason Beaumier, 20 Woodland Road, East Greenwich, RI 02818, on October 1, 2007.

/s/ Jeffrey S. Brenner